UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHARLES ROBERT WOOLSEY,                :
                                       :
                Plaintiff,             :           ORDER
                                       :           11-CV-4806 (JFB)(GRB)
                – against –            :
                                       :
THE COUNTY OF SUFFOLK, et al.,         :
                                       :
                Defendants.            :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

On October 3, 2011, *pro se* plaintiff Charles Robert Woolsey ("plaintiff") filed this action against The Administration of the County Government of Suffolk County, New York, Jennifer K. McNamara, Stephen Ballone, Steve Levy, Dianne Stuke, Angie M. Carpenter, Sheriff Vincent F. DeMarco, Thomas J. Spota, James Burke, Richard Dormer, and Judith Pascale (the "County Defendants"); the Town of Brookhaven, New York, and The Office of the Receiver of Taxes, Louis J. Marcoccia (the "Brookhaven Defendants"); and The Administration Head of the Air National Guard Aircraft, Michael B. Donley (the "Federal Defendant"). On February 17, 2012, plaintiff filed an amended complaint. (Docket No. 23.) On March 22, 2013, this Court granted the County Defendants' and the Brookhaven Defendants' motions to dismiss, with leave to re-plead only as to the actions described in paragraphs 70 and 76 of the amended complaint. (Docket No. 73.) On June 21, 2013, plaintiff filed a Second Amended Complaint ("SAC"). Defendants have once again moved for dismissal. By Orders dated June 27, 2013, and October 7, 2013, this Court referred the motions to dismiss to Magistrate Judge Brown for a Report and Recommendation.

On February 25, 2014, Magistrate Judge Brown issued a Report and Recommendation (the "R&R"), recommending that the SAC be dismissed with prejudice. Magistrate Judge Brown

1

reasoned, *inter alia*, that (1) plaintiff alleges no facts that support an inference that Donley was personally involved in any of the incidents involving the Air National Guard and, therefore, could not be vicariously liable for any violations; (2) plaintiff's flyover claims were insufficiently pleaded; (3) plaintiff failed to name the individual officers involved in the traffic stops as defendants, despite being informed that he must do so in Magistrate Judge Brown's Report and Recommendation dated February 28, 2013, and he has failed to present plausible allegations of any Suffolk County policies or customs that would have led to the purported violations; and (4) plaintiff makes no mention of the Brookhaven Defendants in the body of the SAC. Magistrate Judge Brown also recommended that leave to amend be denied because plaintiff has failed to allege anything arising to a valid claim after filing three complaints in this matter, and, moreover, several of the claims are now time-barred due to the insufficient pleading. Finally, the R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* Report and Recommendation, at 16.) As indicated by the docket sheet, a copy of the R&R was mailed to plaintiff by Magistrate Judge Brown's Chambers on February 25, 2014. (*See* ECF No. 70.) No objections have been filed to date, although the date for filing any objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R.

Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court, in an abundance of caution, has conducted a *de novo* review of the Report and Recommendation and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation in its entirety. Accordingly, IT IS HEREBY ORDERED that the Federal Defendant's, the Brookhaven Defendants', and the County Defendants' motions to dismiss are granted. (*See* Docket Nos. 77, 94, 95.) IT IS FURTHER ORDERED that, in accordance with the Report and Recommendation, leave to re-plead is denied because further amendment would be futile. Accordingly, the Second Amended

Complaint is dismissed with prejudice. The Clerk of the Court enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:		March 14, 2014
		Central Islip, NY